FILED
2020 Jul-23 PM 04:01
U.S. DISTRICT COURT
N.D. OF ALABAMA



# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **SUSANNA EUBANKS AND BROOKLYN MALONE,**     ) ) ) | |
| **Plaintiffs,**     ) ) | |
| vs.     ) ) | Civil Action Number **5:19-cv-01410-AKK** |
| **MAC'S SPORTS BAR & STEAKHOUSE AND JESS MCALLISTER,**     ) ) ) ) ) | |
| **Defendants.**     ) | |

## MEMORANDUM OPINION AND ORDER

Susanna Eubanks and Brooklyn Malone bring this action against Mac's Sports Bar & Steakhouse and Jess McAllister, alleging claims for unpaid wages under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (Count I), for sexual harassment and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. (Counts II and III), and for alleged violations of Alabama tort laws (Counts IV-IX). Doc. 1. The defendants have filed a motion to dismiss arguing that the court lacks subject matter jurisdiction over all claims. Doc. 6. The motion is fully briefed, docs. 10; 11, and ripe for review. For the reasons stated more fully below, the motion is due to be denied.

I.

The defendants do not specify whether their motion is filed under Rule 12(b)(6) or Rule 12(b)(1) of the Federal Rules of Civil Procedure.[1] Generally, however, challenges to subject matter jurisdiction are cognizable via Rule 12(b)(1). Such a motion may take the form of a facial or factual attack. *See McElmurray v. Consol. Gov't of Augusta-Richmond Cty.*, 501 F.3d 1244, 1251 (11th Cir. 2007). A facial attack "'require[s] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction" taking "the allegations in [the] complaint ... as true.'" *Id.* (quoting *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)). On the other hand, a factual attack challenges "the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings . . . are considered." *Id.* (quoting *Lawrence*, 919 F.2d at 1529). Accordingly, when resolving a factual attack on jurisdiction, the court may hear conflicting evidence and decide the factual issues bearing on jurisdiction. *Colonial Pipeline Co. v. Collins*, 921 F.2d 1237, 1243 (11th Cir. 1991). In other words, "when a defendant properly [raises a factual] challenge[ ] [to] subject matter jurisdiction under Rule 12(b)(1) . . . 'no presumptive truthfulness attaches to plaintiff's

---

[1] Defendants' motion simply cites "Rule 12 of the Federal Rules of Civil Procedure," doc. 6 at 1, which the plaintiffs assumes refers to Rule 12(b)(6), *see* doc. 10 at 5, 8. However, Defendants focus entirely on their contention that the court lacks subject matter jurisdiction in their briefing. *See* docs. 6; 11. The court therefore construes the motion to dismiss as pursuant to Federal Rule of Civil Procedure 12(b)(1) and applies the appropriate standard.

allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of the jurisdictional issue.'" *Morrison v. Amway Corp.*, 323 F.3d 920, 925 (11th Cir. 2003) (quoting *Lawrence*, 919 F.2d at 1529). "In the face of a factual challenge to subject matter jurisdiction, the burden is on the plaintiff to prove that jurisdiction exists." *OSI, Inc. v. United States*, 285 F.3d 947, 951 (11th Cir. 2002).

However, the court "should only rely on Rule 12(b)(1) '[i]f the facts necessary to sustain jurisdiction do not implicate the merits of plaintiff's cause of action.'" *Morrison*, 323 F.3d at 925 (quoting *Garcia v. Copenhaver, Bell & Assocs.*, 104 F.3d 1256, 1261 (11th Cir. 1997)). But, "[w]hen the jurisdictional basis of a claim is intertwined with the merits, the district court should apply a Rule 56 summary judgment standard when ruling on a motion to dismiss which asserts a factual attack on subject matter jurisdiction." *Lawrence*, 919 F.2d at 1530. "[J]urisdiction becomes intertwined with the merits of a cause of action when 'a statute provides the basis for both the subject matter jurisdiction of the federal court and the plaintiff's substantive claim for relief.'" *Turcios v. Delicias Hispanas Corp.*, 275 F. App'x 879, 880 (11th Cir. 2008) (quoting *Lawrence*, 919 F.2d at 1529). Thus, courts may dismiss claims for lack of subject matter jurisdiction "'only in those cases where the federal claim is clearly immaterial or insubstantial.'" *Garcia*, 104 F.3d at 1261 (quoting *Williamson v. Tucker*, 645 F.2d 404, 416 (5th Cir. 1981)). Jurisdictional

3

dismissals are necessarily "extremely difficult," at least where the jurisdictional challenge intertwines with the substantive merits of the action. *Id.* at 1260.

## II.

Eubanks and Malone are former employees of Mac's Sports Bar & Steakhouse.[2] Doc. 1 at 1. Lynn and Diana McAllister own Mac's and have employed their son, Jess McAllister, as a part-time cook since 2016. *Id.* at 1, 6. Before and during his employment at Mac's, Jess McAllister spent time at the restaurant outside of his shifts, often as a patron at the bar. *Id.* at 6.

Eubanks started working as an hourly, tipped employee at Mac's in October 2013 and began supervising other employees as Bar Manager on 2015. *Id.* at 1, 6-8. For several weeks of her employment, she worked in excess of forty hours, banking overtime hours. *Id.* at 8. During her first four years, she received no compensation for the hours she worked. *Id.* at 1-2, 7. And when she began receiving paychecks, she was not recognized or compensated for overtime hours. *Id.* at 2, 7. Mac's paid Eubanks hourly wages for only 50 of the roughly 250 weeks Eubanks worked. *Id.* at 7. During her last three years of employment, she worked 1,960 hours that were not compensated at the waitstaff minimum wage. *Id.* at 2. Throughout her employment,

---

[2] The plaintiffs' allegations are presumed true for purposes of Fed. R. Civ. P. 12(b)(6). As such, the facts are taken from the Complaint, doc. 1. *See Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) ("When considering a motion to dismiss, all facts set forth in the plaintiff's complaint are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.") (citations and quotation marks omitted).

Eubanks worked 352 overtime hours for which she never received compensation. *Id.* at 7. Eubanks believes she is entitled to at least $5,299.44 for uncompensated hourly and overtime wages. *Id.* at 8.

Beginning early in her employment, Eubanks suffered sexual harassment from Jess McAllister, who regularly touched Eubanks inappropriately and made sexually explicit remarks to her. *Id.* at 2, 9. Eubanks complained to Lynn and Diana McAllister, who declined to address their son's actions and often treated Eubanks complaints with humor. *Id.* at 2, 9. Late one evening in July 2018, Jess McAllister grabbed Eubanks inappropriately. *Id.* at 10. When Eubanks rebuffed his advance, McAllister shoved her and cursed her in front of witnesses. *Id.* Eubanks texted Diana McAllister about the incident, and when Diana McAllister replied hours later, she informed Eubanks that she had terminated her effective immediately. *Id.* Diana McAllister reinstated Eubanks two days later, only for Lynn McAllister to discharge Eubanks again the next day. *Id.*

Malone began working at Mac's in October 2017. *Id.* at 2, 11. During her nine months of employment, Malone worked at least forty hours per week, and roughly fifty-seven hours per week in her last two months. *Id.* at 11. For this work, Malone received only two paychecks which paid her hourly wages for only two weeks, neither of which reflected or provided Malone compensation for any of her overtime hours. *Id.* at 2, 11. Malone estimates she worked 1,640 hours for which she did not

receive at least the waitstaff minimum wage. *Id.* at 11. She also worked 136 overtime hours for which she never received compensation. *Id.* For this uncompensated labor, Malone believes she is owed at least $3,927.72. *Id.* at 12.

Malone also experienced sexually suggestive comments and inappropriate touching from Jess McAllister on a regular basis. *Id.* at 12-13. Malone complained to Lynn and Diane McAllister, but to no avail. *Id.* at 13. When Jess McAllister learned of Malone's complaints, he threw shot glasses at her. *Id.* Malone reports that Lynn McAllister engaged in similarly inappropriate behavior, encouraging his female employees to dress provocatively and making explicit comments to them about his genitals. *Id.* Malone witnessed Eubanks' termination and voiced her opposition to Lynn McAllister. *Id.* at 14. One week later, Lynn McAllister terminated Malone for what Malone alleges were false reasons. *Id.* at 3, 14.

### III.

The defendants contend that this court lacks subject matter jurisdiction over the plaintiffs' FLSA and Title VII claims.

### A.

In support of their argument related to the FLSA, the defendants assert that "neither of the Plaintiffs meet the requirements for individual coverage under the

FLSA"[3] and that "Defendant Mac's does not meet the requirements for enterprise coverage under the FLSA."[4] Doc. 6 at 2. These contentions are premature.

In addressing FLSA jurisdiction, "the same operative fact determines whether the plaintiff can recover under the statute and the scope of the statute's coverage[, and] the proper course of action . . . is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case." *Turcios v. Delicias Hispanas Corp.*, 275 F. App'x 879, 881 (11th Cir. 2008). And when faced with a factual attack on jurisdiction, courts must use the Rule 56 standard, rather than Rule 12(b)(1), in dealing with a jurisdictional matter that is "intertwined with the merits of the cause of action." 275 F. App'x at 880. The intertwinement occurs when "a statute provides the basis for both the subject matter jurisdiction of the

---

[3] Individual coverage requires a showing that the employee "(1) engaged in commerce or (2) engaged in the production of goods for commerce." *Thorne v. All Restoration Services, Inc.*, 448 F.3d 1264, 1266 (11th Cir. 2006) (quoting 29 U.S.C. § 207(a)(1) (2005)).

[4] To qualify as an enterprise under the FLSA, an employer must "ha[ve] employees engaged in commerce or in the production of goods for commerce, or [have] employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (ii) [have] annual gross volume of sales made or business done . . . not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated)." *Rodriguez v. Gold Star, Inc., et. al*, 858 F.3d 1368, 1369 (11th Cir. 2017) (quoting 29 U.S.C. § 203 (s)(1)(A)). The court notes also that the Eleventh Circuit has not addressed whether enterprise coverage is jurisdictional. *See Turcios*, 275 F. App'x 879, 882 n. 5 (11th Cir. 2008). However, in the footnote declining to address the issue, the Eleventh Circuit noted the First Circuit has concluded enterprise coverage is non-jurisdictional in light of *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 516 (2006) (which confronted a similar issue in the Title VII context). *See id.* (citing *Chao v. Hotel Oasis, Inc.*, 493 F.3d 26, 33 (1st Cir. 2007). Moreover, following *Turcios*, courts in this district have found that "that the individual or enterprise coverage prongs are elements of the plaintiff's claim and are not jurisdictional." *Rodriguez v. Diego's Restaurant, Inc.*, 619 F. Supp. 2d 1345, 1351 (S.D. Fla. 2009); *See also Cabrera v. 27 of Miami Corp.*, 2009 WL 2076095, at *4 (S.D. Fla. July 13, 2009).

federal court and the plaintiff's substantive claim for relief." *Id.* at 881.

Here, as in *Turcios*, the jurisdictional requirements are so inextricably intertwined with the merits of the plaintiffs' case that engaging in a Rule 12(b)(1) analysis at this stage of the proceedings is premature. And, a Rule 56 summary judgment review is also improper because the parties have not yet commenced discovery, and the plaintiffs have not had an opportunity to assess the accuracy and completeness of defendants' financial information. Therefore, because the motion to dismiss is aimed at deflecting FLSA coverage,[5] and "summary judgment may only be decided upon an adequate record,"[6] the court will carry this issue with the case. The defendants may renew their motion or arguments after the parties have had an opportunity to conduct discovery on this issue.

### B.

The defendants also challenge subject matter jurisdiction on the Title VII claims, arguing that "Defendant Mac's does not meet the prerequisite definition of an employer mandated by § 42 U.S.C. § 2000e (b): Defendant Mac's employs less than fifteen (15) persons." Doc. 6 at 2. But here again, "the facts necessary to sustain jurisdiction . . . implicate the merits of [the plaintiffs'] cause of action." *Morrison*,

---

[5] *See Sanchez v. A & A Perez Trucking, Inc.*, No. 16-cv-81740, 2017 WL 529302 (S.D. Fla. Feb. 8, 2017) (denying motion to dismiss FLSA complaint because the arguments were aimed at FLSA coverage and declining to conduct summary judgment on an undeveloped record).

[6] *WSB-TV v. Lee*, 842 F.2d 1266, 1269 (11th Cir. 1988).

323 F.3d at 925. Moreover, the Supreme Court in *Arbaugh v. Y & H Corp.* held that the numerosity requirement in Title VII is not jurisdictional:

> [T]he numerical threshold does not circumscribe federal-court subject-matter jurisdiction. Instead, the employee-numerosity requirement relates to the substantive adequacy of [the plaintiff's] Title VII claim . . .

546 U.S. 500, 504 (2006).. In concluding that the numerosity requirement was not jurisdictional, the Court noted that: "when Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as non-jurisdictional in character." *Id.* at 515. And, the Eleventh Circuit has repeatedly acknowledged that "'the threshold number of employees for application of Title VII is an element of a plaintiff's claim for relief, not a jurisdictional issue.'" *Williams v. Georgia Stevedore Ass'n, Inc.*, 601 F. App'x 922, 923 n. 1 (11th Cir. 2015) (citing *Arbaugh*, 546 U.S. at 516).[7] Put simply, the jurisdictional analysis is also premature, and the motion to dismiss the plaintiffs' Title VII claims for lack of subject matter jurisdiction is also due to be denied.

## IV.   CONCLUSION AND ORDER

For the reasons stated above, the motion to dismiss, doc. 6, is **DENIED**.

**DONE** the 23rd day of July, 2020.

                                                   **ABDUL K. KALLON**
                                       UNITED STATES DISTRICT JUDGE

---

[7] *See, e.g. Fender v. Clinch Cty., GA*, 295 F. App'x 957, 958 (11th Cir. 2008); *Thomas v. Alabama Home Const.*, 271 F. App'x 865, 867 (11th Cir. 2008); *Faulkner v. Woods Transp., Inc.*, 174 F. App'x 525, 528 (11th Cir. 2006).